NO. 07-06-0224-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



OCTOBER 19, 2007



______________________________




RUBEN VALLAJA NAVARRO, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;



NO. 52,255-D; HONORABLE DON EMERSON, JUDGE



_______________________________



Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.


MEMORANDUM OPINION


 Appellant, Ruben Vallaja Navarro, was convicted of felony assault against a public
servant and sentenced to two years imprisonment and a fine of $2,500. Both the prison
sentence and fine were suspended and Appellant was placed on community supervision
for a term of two years. Appellant brings this appeal alleging (1) the evidence is legally and
factually insufficient to establish that he knew the person assaulted was a public servant,
and (2) the evidence was factually insufficient to authorize the jury's rejection of his self-defense theory. We affirm.


Background

 On December 4, 2005, Amarillo Police Officers were dispatched to a local bar after
a fight erupted. As Appellant was leaving the bar, he was encountered by Officer Loftus
of the Amarillo Police Department. A scuffle ensued between Officer Loftus and Appellant. 
Officer Perkins, also an Amarillo Police Department Officer, then joined the fray in an
attempt to subdue Appellant. Both officers suffered minor injuries in the altercation. In one
indictment, the State charged Appellant with two counts of assault against a public servant,
count one as to Officer Loftus, and count two as to Officer Perkins. At trial, Appellant
maintained that he did not know that he was in an altercation with a public servant
attempting to arrest him. He further asserted that any force he may have used against the
officers was necessary to protect himself from the unlawful use of force by the officers. 
The jury returned a "not guilty" verdict as to count one and a "guilty" verdict as to count two.


Issue One

 By his first issue, Appellant contends that the evidence was both legally and
factually insufficient to establish that he knew Officer Perkins was a public servant.

Standard of Review

 When both the legal and factual sufficiency of the evidence are challenged, we must
first determine whether the evidence is legally sufficient to support the verdict. Clewis v.
State, 922 S.W.2d 126, 133 (Tex.Crim.App. 1996). It is a fundamental rule of criminal law
that one cannot be convicted of a crime unless it is shown beyond a reasonable doubt that
the defendant committed each element of the alleged offense. U.S. Const. amend. XIV;
Tex. Code Crim. Proc. Ann. art. 38.03 (Vernon Supp. 2006); Tex. Penal Code Ann. § 2.01
(Vernon 2003). 

 Evidence is legally insufficient if, when viewed in a light most favorable to the
prosecution, a rational trier of fact could not have found each element of the offense
beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318, 99 S.Ct. 2781, 2789,
61 L.Ed.2d 560, 573 (1979); Hooper v. State, 214 S.W.3d 9, 13 (Tex.Crim.App. 2007). 
This standard is the same in both direct and circumstantial evidence cases. Id. In
measuring the legal sufficiency of the evidence to sustain a conviction, we measure the
elements of the offense as defined by a hypothetically correct jury charge. Malik v. State,
953 S.W.2d 234, 240 (Tex.Crim.App. 1997). This is done by considering all the evidence
that was before the jury--whether proper or improper--so that we can make an
assessment from the jury's perspective. Miles v. State, 918 S.W.2d 511, 512
(Tex.Crim.App. 1996). As an appellate court, we may not sit as a thirteenth juror, but must
uphold the jury's verdict unless it is irrational or unsupported by more than a "mere
modicum" of evidence. Moreno v. State, 755 S.W.2d 866, 867 (Tex.Crim.App. 1988). 

 After conducting a legal sufficiency review under Jackson, we may proceed with a
factual sufficiency review. Clewis, 922 S.W.2d at 133. When conducting a factual
sufficiency review, we examine all the evidence in a neutral light and determine whether
the jury was rationally justified in finding guilt beyond a reasonable doubt. Zuniga v. State,
144 S.W.3d 477, 484 (Tex.Crim.App. 2004), overruled in part by Watson v. State, 204
S.W.3d 404, 415-17 (Tex.Crim.App. 2006). We cannot reverse a conviction unless we find
some objective basis in the record that demonstrates that the great weight and
preponderance of the evidence contradicts the jury's verdict. Watson, 204 S.W.3d at 417. 
In other words, we cannot conclude that Appellant's conviction is "clearly wrong" or
"manifestly unjust" simply because we might disagree with the jury's verdict. Id.; Cain v.
State, 958 S.W.2d 404, 407 (Tex.Crim.App. 1997). 

Discussion

 Before determining whether the evidence is legally sufficient to support Appellant's
conviction, we must review the essential elements the State was required to prove. A
person is guilty of felony assault against a public servant if he intentionally, knowingly, or
recklessly causes bodily injury to another and the actor knows that person to be a public
servant while the public servant is lawfully discharging an official duty. Tex. Penal Code
Ann. § 22.01(b)(1) (Vernon 2003). For purposes of this offense, the actor is presumed to
have known that the person assaulted was a public servant if the person was wearing a
distinctive uniform indicating the person's employment as a public servant. Id. at (d). 

 By his legal sufficiency issue, Appellant contends there is no evidence to support
the jury's implied finding that he knew Officer Perkins was a public servant. Applying the
standard of review set forth above, we disagree. 

 From a juror's perspective, there was evidence presented that the two individuals
involved in the altercation with Appellant were police officers. There was direct testimony
that, at the time of the incident, Officer Loftus was wearing a distinctive uniform identifying
him as an Amarillo Police Department Officer. Furthermore, a photograph of Officer
Perkins introduced into evidence shows that she too was wearing an Amarillo Police
Department uniform. From this evidence alone, we find that the evidence was legally
sufficient to allow a rational trier of fact to conclude Appellant knew Officer Perkins was
a public servant.

 The gist of Appellant's factual sufficiency argument is that he was not actually aware
of Officer Perkins's status as a public servant and that the presumption does not apply
because there was no evidence that Officer Perkins was wearing a distinctive uniform
identifying her as a police officer. Based on that premise, Appellant asserts the jury's
verdict is objectively against the great weight and preponderance of the evidence. 

 As directed by the Court of Criminal Appeals, in a factual sufficiency review, we
must consider the most important evidence that Appellant claims undermines the jury's
verdict, Sims v. State, 99 S.W.3d 600, 603 (Tex.Crim.App. 2003), however, we are not
required to discuss all evidence admitted at trial. See id. See also Roberts v. State, 221
S.W.3d 659, 665 (Tex.Crim.App. 2007).

 Appellant's niece testified that as they were leaving the bar, Officer Loftus came out
of nowhere, grabbed and tackled Appellant from behind, and they both went to the ground. 
According to her testimony, Appellant was resisting Officer Loftus because he thought his
assailant was someone from the bar. She further testified that Appellant resisted Officers
Loftus and Perkins because they were using unreasonable force and they were hurting him
by applying unnecessary pressure on his artificial leg. According to her testimony,
Appellant ceased resisting the officers once he became aware that they were police
officers. Appellant also testified. He disputed Officer Loftus's testimony concerning
whether or not he was the aggressor and claimed that he did not know that the two
individuals assaulting him were police officers. He further testified that he calmed down
once he realized that they were police officers. Appellant maintains that his aggressive
behavior was in response to the use of force by the officers and that he was merely trying
to get the officers to use less force against him because of his bad arm and artificial leg.

 As a reviewing court, we must always remain cognizant of the jury's role and unique
position in evaluating credibility and demeanor of witnesses and giving weight to
contradictory testimonial evidence. Johnson v. State, 23 S.W.3d 1, 8-9 (Tex.Crim.App.
2000). The jury is the exclusive judge of the facts. Tex. Code Crim. Proc. Ann. art. 36.13
(Vernon 2007) & 38.04 (Vernon 1979). Unless the record clearly demonstrates a different
result is appropriate, we must defer to the jury's determination. Johnson, 23 S.W.3d at 8.

 When faced with contradictory testimony we must, however, give great deference
to the jury's resolution of those conflicts. As the exclusive judge of the facts and credibility
of the witnesses, the jury was free to believe or disbelieve all or any part of a witness's
testimony. Goodman v. State, 66 S.W.3d 283, 287 (Tex.Crim.App. 2001). The jury
performed its task of weighing the evidence, resolving conflicts in the testimony, and
thereafter chose to give credibility to the testimony of Officers Loftus and Perkins, and
disbelieve the witnesses for the defense. Given the record before us, we conclude the jury
was rationally justified in finding guilt beyond a reasonable doubt. We find no objective
basis in the record that demonstrates that the great weight and preponderance of the
evidence contradicts the jury's verdict. Issue one is overruled.

Issue Two

 By his second issue, Appellant presents the question as to whether the evidence
was factually sufficient to support the jury's implied finding that Appellant's use of force to
resist arrest was not justified.

Discussion

 Appellant maintains that he was justified in using force to protect himself from
Officer Perkins. Appellant opines that he had a right to defend himself against the unlawful
use of force by Officer Perkins. To support his contention, Appellant maintains that he did
not know Officer Perkins was a police officer because the State did not prove that she
either announced herself as a police officer or was wearing a distinctive uniform. Appellant
claims that his use of force was necessary to protect himself when Officer Perkins struck
him in the face many times as hard as she could while he was on the ground, with his face
in the parking lot asphalt, and Officer Loftus was on his back holding him down.

 As previously discussed, the State did produce evidence that the officers and others
were trying to tell Appellant that Officers Loftus and Perkins were police officers. 
Furthermore, evidence was presented that both officers were wearing police uniforms and
that the force used to subdue Appellant was reasonable and necessary due to his state of
intoxication and combative behavior. Again, we conclude the jury was rationally justified
in finding that Appellant's use of force against Officer Perkins was not justified under the
circumstances. Finding no objective basis in the record that demonstrates that the great
weight and preponderance of the evidence contradicts the jury's verdict, issue two is
overruled.

 Accordingly, the judgment of the trial court is affirmed.


 Patrick A. Pirtle

 Justice



Do not publish.